**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEILA DOYLE, et al., | CASE NO. CV F 08-0971 LJO SMS |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS OF DEFENDANTS INVESTIGATIVE CONSULTANTS INTERNATIONAL, INC., BRANDON AUGUST AND CRAIG REISTERER** |
| vs. | |
| ILLINOIS CENTRAL RAILROAD COMPANY, et al., | (Docs. 12, 19, 26, 31.) |
| Defendants. / | |

**INTRODUCTION**

Defendants Investigative Consultants International, Inc., Brandon August and Craig Reisterer (collectively "Investigative defendants") seek to dismiss plaintiffs Sheila Doyle ("Ms. Doyle") and Charles Lortz' (collectively "plaintiffs'") malicious defense claim as unrecognized under California law.[1] This Court considered the Investigative defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the November 10, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES with prejudice plaintiffs' malicious defense claim against all

---

[1] Defendants National Railroad Passenger Corporation ("Amtrak") and Lori Ann Vendetti ("Ms. Venetti") filed, after the Investigative defendants, F.R.Civ.P. 12(b)(6) papers nearly identical to the Investigative defendants' papers. Since determination whether plaintiffs' malicious defense claim is a legal question, this order will address all pending F.R.Civ.P. 12(b)(6) motions to dismiss the claim.

1

defendants.[2]

## BACKGROUND

### Plaintiffs' Underlying Train Accident And Claims

Plaintiffs are married and reside in Murphys, California. On April 6, 2004, plaintiffs were passengers on an Amtrak train and were injured when the train derailed on tracks several miles north of Jackson, Mississippi and owned by defendant Illinois Central Railroad Company ("Illinois Central"). Ms. Doyle suffered a burst T-12 vertebrae and head and other injuries.

The gist of plaintiffs' claims is that the eight defendants in this action (collectively "defendants") conspired to defraud and harass plaintiffs to prevent and delay plaintiffs to pursue claims arising from the train derailment. Plaintiffs accuse the Investigative defendants of spying on and stalking plaintiffs, invading plaintiffs' privacy, trespassing on plaintiffs' property, and falsely accusing Ms. Doyle of insurance fraud. Plaintiffs' operative first amended complaint ("FAC") alleges 10 tort and breach of contract causes of action, including a (ninth) malicious defense cause of action that defendants' activities "constitute malicious defense against Plaintiffs' injury and damage claims."

### Affirmative Defenses

Plaintiffs pursued an underlying Mississippi state court action against Illinois Central and two of its maintenance and way department employees[3] and received a nearly $2 million judgment.[4] Plaintiffs note that defendants pursued affirmative defenses to deny that plaintiffs are entitled to recover, to claim lack of responsibility for plaintiffs' claims, and to seek a setoff or reduction "[t]o the extent Defendants or anyone on their behalf paid advancements to Plaintiffs and/or medical expenses." Plaintiffs' opposition papers state that defendants "**maliciously filed cross-pleadings** and slanderous allegations, trespass, fraud, hate speech, etc., all aimed at causing Plaintiffs mental anguish,

---

[2] This Court further DENIES as moot plaintiffs' request to reset a hearing to December 15, 2008. This Court's practice is to vacate hearings and issue written rulings without oral argument. The hearing date sets the opposition and reply deadlines, pursuant to Local Rule 78-230(c) and (d).

[3] Illinois Central and its defendant employees in the underlying Mississippi state court action will be referred to collectively as the "Illinois Central defendants."

[4] Amtrak notes that it was not a defendant in the underlying Mississippi state court action but provided a defense to the Illinois Central defendants pursuant to an indemnity agreement.

1 apprehension and fear, to get Plaintiffs to buckle under the pressure to minimize, or avoid entirely,
2 paying Plaintiffs' medical bills and other damages." (Bold added.) Plaintiffs' opposition papers further
3 state that defendants "maliciously defended against Plaintiffs' claims **by filing cross-pleadings and**
4 **allegations against Plaintiffs and requesting affirmative relief against Plaintiffs** in the form of a
5 **claim** for a 'setoff or reduction against any recovery of the Plaintiffs' (NINTH DEFENSE), a return to
6 Defendants of 'paid advancements to Plaintiffs and/or medical expenses' paid by anyone on Defendants'
7 behalf' (NINTH DEFENSE), and a judicial determination and declaration that Defendants' [sic] are 'not
8 . . . liable for any of the Plaintiffs' alleged injuries' (SECOND, FIFTH, SEVENTH DEFENSES)."
9 (Bold added.)[5] The FAC fails to allege that the Illinois Central defendants filed cross-pleadings against
10 plaintiffs.

11 The Investigative defendants note that the Illinois Central defendants "never filed a cross-
12 pleading" in the underlying Mississippi state court action and "simply asserted affirmative defenses" to
13 "deny liability, allege that the subject train accident was not reasonably foreseeable, allege that there
14 were pre-existing injuries, and request that [the] Court prevent plaintiffs from obtaining a double
15 recovery" for Amtrak's advancements for plaintiffs' medical expenses. The Investigative defendants
16 note that the court in the underlying Mississippi state court action did not rule on the Illinois Central
17 defendants (ninth) setoff defense for Amtrak's advancements for plaintiffs' medical expenses.

18 **DISCUSSION**

19 **F.R.Civ.P. 12(b)(6) Motion Standards**

20 The Investigative defendants challenge the malicious defense claim as unrecognized under
21 California law. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the
22 pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before
23 the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The
24 issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer
25 evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan
26 v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is

---

28  [5]  Plaintiffs also reference a post-trial defense motion to address medical lienholder rights.

3

proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). With theses standards in mind, this Court turns to the Investigative defendants' challenge to plaintiffs' malicious defense claim.

**Malicious Defense**

The Investigative defendants characterize plaintiffs' malicious defense claim as "akin to malicious prosecution, only that [defendants] committed such tort" in defending plaintiffs' personal injury claims. The Investigative defendants argue that California does not recognize a malicious defense tort and rely on the following from *Bertero v. National General Corp.*, 13 Cal.3d 43, 52-53, 118 Cal.Rptr. 184 (1974), where the California Supreme Court addressed a malicious prosecution claim arising from a cross-action:

> We likewise are not persuaded by defendants' claim that their cross-pleading was merely defensive and that a penalty should not be imposed for aggressively defending against the charges asserted in a complaint. Defendants invoke a line of cases headed by

> *Eastin v. Bank of Stockton*, supra, 66 Cal. 123, 4 P. 1106, in which various courts have refused to recognize a tort of **malicious defense**. (*See Ritter v. Ritter* (1943) 381 Ill. 549, 46 N.E.2d 41 and cases cited therein.) **We do not propose to establish such a tort** by our holding here. The *Eastin-Ritter* cases protect the **right of a defendant**, involuntarily haled into court, **to conduct a vigorous defense**. (Bold added.)

The Investigative defendants conclude that plaintiffs' malicious defense claim fails in the absence of a cognizable legal theory to support it.

The Investigative defendants are correct. Plaintiffs attempt to transform assertion of affirmative defenses into a claim for affirmative relief to support a malicious prosecution type claim. However, the California Supreme Court concluded that "a cause of action for malicious prosecution lies when predicated on a claim for **affirmative relief** asserted in a cross-pleading even though intimately related to a cause asserted in the complaint." *Bertero*, 13 Cal.3d at 53, 118 Cal.Rptr. 184. (Bold added.) Nothing suggests that defendants sought "affirmative relief in a cross-pleading." An affirmative defense is a **defense**, not a claim for affirmative relief. Plaintiffs' claims that the affirmative defenses were "cross-pleadings" and a misuse of judicial process are unsubstantiated. Defendants' pursuit of affirmative defenses is not subject to a malicious prosecution type tort.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES with prejudice the FAC's (ninth) malicious defense cause of action against **all defendants** and VACATES the November 24, 2008 and December 8, 2008 hearings set by other defendants on their motions to dismiss plaintiffs' (ninth) malicious defense cause of action. The clerk is directed to term docs. 12, 19, 26 and 31.

IT IS SO ORDERED.

**Dated:   November 4, 2008**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE