**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

SHEILA DOYLE, et al.,

Plaintiffs,

vs.

ILLINOIS CENTRAL RAILROAD COMPANY, et al.,

Defendants.
_______________________________/

CASE NO. CV F 08-0971 LJO SMS

**ORDER ON DEFENDANT AMTRAK'S F.R.Civ.P. 12(e) MOTION**
(Docs. 16, 34.)

**INTRODUCTION**

Defendant National Railroad Passenger Corporation ("Amtrak") seeks a more definite statement of plaintiffs' fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims. This Court considered Amtrak's F.R.Civ.P. 12(e) motion for more definite statement on the record and VACATES the November 24, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS Amtrak F.R.Civ.P. 12(e) relief.[1]

[1] Defendant Lori Ann Vendetti ("Ms. Vendetti"), an Amtrak claims representative, filed F.R.Civ.P. 12(e) papers nearly identical to Amtrak's F.R.Civ.P. 12(e) papers and set a December 8, 2008 hearing. As such, this order will apply equally to and determine Ms. Vendetti's F.R.Civ.P. 12(e) motion to warrant vacating the December 8, 2008 hearing.

**BACKGROUND**[2]

**Plaintiffs' Underlying Train Accident And Claims**

Plaintiffs are married and reside in Murphys, California. On April 6, 2004, plaintiffs were passengers on an Amtrak train and were injured when the train derailed on tracks several miles north of Jackson, Mississippi and owned by defendant Illinois Central Railroad Company dba Canadian National, CN. Ms. Doyle suffered a burst T-12 vertebrae, head and other injuries.

The gist of plaintiffs' claims is that the eight defendants in this action (collectively "defendants") conspired to defraud and harass plaintiffs to prevent and delay plaintiffs to pursue claims arising from the train derailment. More specifically, the FAC alleges that Amtrak fraudulently induced plaintiffs to forego hiring an attorney based on Amtrak's repeated oral and letter representations that:

1. Amtrak "will be honest and promptly and fairly pay Plaintiffs' claim, once the full extent of Plaintiffs' injuries were determined";
2. Amtrak and plaintiffs "can mutually agree on a figure to resolve [plaintiffs'] claim without attorney involvement";
3. Amtrak sought plaintiffs' proposal "based on what [plaintiffs'] future needs may be, such as a new car, vacations, children's college, retirement, etc."; and
4. Amtrak offered "to come out to California and sit down with both [plaintiffs] face-to-face."

The FAC alleges 10 tort and breach of contract causes of action, including:

1. A (third) fraudulent inducement and breach of contract cause of action that Amtrak fraudulently induced plaintiffs to delay to hire an attorney until after the September 1, 2004 effective date of a Mississippi statute which capped personal injury damages; and
2. A (fourth) breach of implied covenant of good faith and fair dealing cause of action that Amtrak wrongly: (a) induced plaintiffs to delay to hire an attorney until after the September 1, 2004 effective date of the Mississippi statute; and (b) denied plaintiffs

---

[2] The factual recitation is derived generally from plaintiffs' first amended complaint ("FAC"), the target of Amtrak's challenges.

compensation on May 10, 2008 by stating Amtrak would pay plaintiffs nothing.[3]

**DISCUSSION**

**Pleading And F.R.Civ.P. 12(e) Motion Standards**

Amtrak seeks a more definite statement of plaintiffs' fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims in that they "are so vague and ambiguous that [Amtrak] cannot reasonably prepare an adequate response."

F.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." To comply with F.R.Civ.P. 8(a)(2), a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Although F.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, __ U.S. __, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

F.R.Civ.P. 12(e) empowers a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A F.R.Civ.P. 12(e) motion "attacks the unintelligibility of the complaint, not simply the mere lack of detail." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005)*; see Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). "A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Neveu*, 392 F.Supp.2d at 1169 (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal.1996)). A F.R.Civ.P. 12(e) motion is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted). With these standards in mind, this Court turns to Amtrak's challenges to plaintiffs'

---

[3] The FAC further accuses defendants of spying on and stalking plaintiffs, invading plaintiffs' privacy, trespassing on plaintiffs' property, and falsely accusing Ms. Doyle of insurance fraud.

fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims.

**Contract Terms**

Amtrak contends that plaintiffs' fraudulent inducement and breach of contract and breach of covenant of good faith and fair dealing claims require a more definite statement in the absence of allegations as to:

1. The date of the alleged contract's formation;
2. Whether the alleged contract was oral or written;
3. The nature and terms of the alleged contract;
4. The date the of breach of the alleged contract; and
5. The nature of the alleged breach.

Amtrak argues that the FAC lacks basic contract information to prevent it to ascertain the nature of the claims.

In its reply papers, Amtrak criticizes the fraudulent inducement and breach of contract claim for failure to satisfy F.R.Civ.P. 9(b) which requires the "circumstances constituting fraud" to be stated with "particularity." Amtrak argues that to satisfy F.R.Civ.P. 9(b), a complaint must:

1. Specify alleged fraudulent representations or omissions;
2. Allege representations were false when made;
3. Identify the speaker;
4. State when and where the statements were made; and
5. State the manner in which the representations or omissions were false and misleading.

Plaintiffs broadly argue that their fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims are neither vague nor ambiguous and generally recite the claims' key allegations noted above. Plaintiffs assert that "Amtrak is fully aware of the nature of its own activities in the way it misled and unfairly dealt with Plaintiffs." Plaintiffs claim that Amtrak's "first breach was its failure to abide by the terms of its agreement to carry Plaintiffs safely from New Orleans to Chicago." Plaintiffs claim that Amtrak's written promises appear in Exhibit A to the FAC but the FAC lacks exhibits.

Like the FAC's allegations, plaintiffs' arguments to support their fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims are vague. Amtrak is entitled to greater pleading detail regarding an alleged contract, its date or sequence of formation, its oral and/or written terms and nature of such terms, and date, nature and circumstances of its alleged breach. As it stands, the FAC alleges merely several communications seeking information and expressing optimism to resolve plaintiffs' claims. Amtrak is unable to prepare an adequate response without greater detail to support and specify plaintiffs' fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims.

Moreover, in its reply papers, Amtrak raises valid points regarding the lack of particularity of plaintiffs' purported claims based on fraudulent conduct. Generally, a moving party's attempt to introduce new facts or different legal arguments in reply papers is improper. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895, 110 S.Ct. 3177, 3192 (1990) (court has discretion to disregard late-filed factual matters); *but see also Glenn K. Jackson v. Roe*, 273 F.3d 1192, 1201-1202 (9th Cir. 2001) (district court's discretion to consider issue raised for first time in reply brief). However, the fraudulent inducement and breach of contract claim sounds in fraud in name and substance to warrant attention to F.R.Civ.P. 9(b) if plaintiffs intend to proceed with such a claim.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court GRANTS Amtrak's F.R.Civ.P. 12(e) motion and ORDERS plaintiffs, no later than December 3, 2008, to file and serve:

1. A second amended complaint with more specific allegations of fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing, including details of an alleged contract, its date or sequence of formation, its oral and/or written terms and nature of such terms, the date, nature and circumstances of its alleged breach, and particular circumstances of alleged fraudulent conduct; or
2. A statement that plaintiffs abandon their fraudulent inducement and breach of contract and breach of implied covenant of good faith and fair dealing claims.

/ / /

/ / /

This Court VACATES the December 8, 2008 hearing on Ms. Vendetti's F.R.Civ.P. 12(e) motion and directs the clerk to term docs. 16 and 34.

IT IS SO ORDERED.

**Dated: November 18, 2008** **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE