1
2
3
4
5

6                  **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   SHEILA DOYLE, et al.,                      CASE NO. CV F 08-0971 LJO SMS

10                 Plaintiffs,                  **ORDER ON DEFENDANT NATIONAL**
                                                **RAILROAD'S MOTION TO DISMISS OR**
11          vs.                                 **FOR A MORE DEFINITE STATEMENT**
                                                (Doc. 62)
12   ILLINOIS CENTRAL RAILROAD
     COMPANY, et al.,
13
                   Defendants.
14   _____/

15                           **INTRODUCTION**

16          Defendants National Railroad Passenger Corp. ("Amtrak"), Lori Ann Vendetti, Investigative

17   Consultants International, Inc., Brandon I. August and Craig R. Reisterer seek to dismiss plaintiffs' third

18   cause of action for fraudulent inducement and breach of contract, and the fourth cause of action for

19   breach of implied covenant of good faith and fair dealing.  In the alternative, defendants move for a more

20   definite statement as to these claims. Plaintiffs Sheila Doyle and Charles Lortz filed an opposition on

21   January 22, 2009.  Defendants filed a reply on January 28, 2009.  Pursuant to Local Rule 78-230(h), this

22   matter is submitted on the pleadings without oral argument.  Therefore, the hearing set for February 4,

23   2009 is vacated.  Having considered the moving, opposition, and reply papers, as well as the arguments

24   of counsel and the Court's file, the Court issues the following order.

25                           **BACKGROUND**

26              **Plaintiffs' Underlying Train Accident And Claims**

27          Plaintiffs are married and reside in Murphys, California.  On April 6, 2004, plaintiffs were

28   passengers on an Amtrak train and were injured when the train derailed on tracks several miles north

                                      1

1  of Jackson, Mississippi.  Ms. Doyle and Mr. Lortz both suffered severe injuries as a result of the

2  accident.

3      The gist of plaintiffs' claims is that the eight defendants in this action conspired to defraud and

4  harass plaintiffs to prevent and delay plaintiffs from pursuing claims arising from the train derailment.

5  Plaintiffs allege that Amtrak fraudulently induced plaintiffs to forego hiring an attorney based on

6  repeated oral and written representations that Amtrak would pay for plaintiffs' medical expenses and

7  other expenses related to the accident including "what [plaintiffs'] future needs may be, such as a new

8  car, vacations, children's college, retirement, etc." (Doc. 52, Second Amended Complaint ("SAC") ¶46-

9  48.)

10      The Third Cause of Action alleges Fraudulent Inducement and Breach of Contract.  The Fourth

11  Cause of Action allege Breach of the Covenant of Good Faith and Fair Dealing.

12  **ANALYSIS AND DISCUSSION**

13  **F.R.Civ.P. 12(b)(6) Motion Standards**

14      A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

15  forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

16  of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

17  whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

18  support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco

19  Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

20  there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

21  cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling

22  v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  F.R.Civ.P. 12(b)(6) dismissal is proper

23  when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

24  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

25      In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the complaint in the light most

26  favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

27  whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty

28  Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal

2

1  conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in

2  the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th

3  Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines

4  that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

5  *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a

6  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

7  provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

8  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127

9  S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

10  **F.R.Civ.P. 12(e) Motion Standards**

11  Amtrak further seeks a more definite statement of plaintiffs' fraudulent inducement and breach

12  of contract and breach of implied covenant of good faith and fair dealing claims in that they "are so

13  vague and ambiguous that [Amtrak] cannot reasonably prepare an adequate response." F.R.Civ.P. 12(e)

14  empowers a party to seek "a more definite statement of a pleading to which a responsive pleading is

15  allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A

16  F.R.Civ.P. 12(e) motion "attacks the unintelligibility of the complaint, not simply the mere lack of

17  detail."  *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005)*; see Woods v. Reno*

18  *Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*,

19  491 F.Supp. 1364, 1385 (N.D. Cal. 1980).  "A court will deny the motion where the complaint is specific

20  enough to apprise the defendant of the substance of the claim being asserted."  *Neveu*, 392 F.Supp.2d

21  at 1169 (citing  *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal.1996)).  A F.R.Civ.P. 12(e)

22  motion should be denied if the pleading provides a "short and plain statement" of the claim showing that

23  the pleader is entitled to relief.  *Virgen v. Mae*, 2007 WL 1521553, *2 (E.D. Cal. 2007) (citing

24  F.R.Civ.P. 8(a)(2)).  A F.R.Civ.P. 12(e) motion is proper only where the complaint is "so vague or

25  ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without

26  prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal.1999)

27  (internal quotations and citation omitted).  With theses standards in mind, this Court turns to Amtrak's

28  challenge to plaintiffs' claims.

3

1

**Sufficiency of the Allegations in the Third and Fourth Claims**

2       Defendants argue that plaintiffs have not pled essential elements of the contract.  Defendants

3  argue that plaintiffs fail to allege that the parties agreed on a settlement amount or how that amount was

4  to be paid (Doc. 63, Moving papers p.3:24); that plaintiffs fail to allege the terms of the agreement that

5  Vendetti allegedly "memorialized" (Doc. 63, Moving papers p. 4:3); that plaintiff fail to allege the offer

6  and acceptance (*id.*); and that plaintiffs failed to allege mutuality of obligation and mutual consent to

7  the contract.  (Doc. 63, Moving papers p. 5-6.)

8       The Second Amended Complaint sets out the agreement between the parties.  The SAC alleges

9  that Plaintiffs and Defendant Amtrak entered into an oral agreement on April 7, 2004.  (Doc. 52, SAC

10  ¶45.) Plaintiffs allege that Amtrak agreed to pay Plaintiffs' medical bills in exchange for Plaintiffs'

11  agreement not to file suit against Amtrak.  (Doc. 52, SAC ¶45.)  Plaintiffs allege Amtrak's part

12  performance of its agreement to pay Plaintiffs' medical bills, and Plaintiffs' performance of its

13  agreement not to file suit against Amtrak, as mutually agreed upon by the parties. (Doc. 52, SAC ¶46.)

14  Plaintiffs allege that certain of the medical expenses were paid by defendants. (Doc. 52, SAC ¶46.)

15  Plaintiffs then allege that Amtrak breached the agreement on May 10, 2008 when it denied paying any

16  further medical expenses. (Doc. 52, SAC ¶50.)

17       Under the California Civil Code there are four essential elements of a contract: Parties capable

18  of contracting; their consent; a lawful object; and a sufficient cause or consideration.  Cal.Civ. Code §

19  1550.  Forbearance from suing is sufficient consideration to support a contract.  *Small v. Fritz*

20  *Companies, Inc.*, 30 Cal. 4th 167, 132 Cal. Rptr. 2d 490 (2003), *distinguished on other grounds by*

21  *Schuster v. Gardner*, 127 Cal.App.4th 305, 25 Cal.Rptr.3d 468 (2005).  The allegations sufficiently

22  allege the parties were capable of contracting and their mutuality of obligation.  Plaintiffs allege their

23  forbearance from filing suit, and thus, Amtrak was obliged to pay Plaintiffs' medical expenses.

24  Plaintiffs also allege mutual consent.  The parties agreed to the contract and partially performed.

25  Plaintiffs performed their obligations and Amtrak partially-performed its obligations under the parties'

26  agreement by paying some of the medical expenses.  Thus, the allegations in the third and fourth causes

27

28

4

1    of action sufficiently allege a contract.[1]

2        Defendant argues that the allegations indicate the parties were merely "negotiating." Defendants

3 argue that Vendetti's June 22, 2005 letter offered a proposal to plaintiffs: "**proposal** for you based on

4 what you future needs may be, such as a new car, vacations, children's college, retirement, etc." (Doc.

5 63, Moving papers p. 6 (emphasis in original).)  Defendants argue that this allegation indicates only

6 settlement negotiations and not contractual agreements.  Defendants argue the allegations do not

7 demonstrate that  defendant agreed to a definite settlement figure or to pay anything other than expenses

8 with a reasonable cap.

9        A motion to dismiss is unlike a motion for summary judgment under Rule 56 which addresses

10 the sufficiency of the evidence or of the law to support plaintiff's claims.  In ruling on a Rule 12(b)(6)

11 motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all

12 well-pleaded allegations as true.  *Pareto v. F.D.I.C.*, 139 F3d 696, 699 (9th Cir. 1998).  Federal pleading

13 requirements are extremely liberal. All that is requires is a " a short and plain statement of the claim"

14 Fed.R.Civ.P 8.  These rules are designed specifically to minimize disputes over pleading technicalities.

15 See Fed.R.Civ.P 1, 8(e) ("pleadings must be construed so as to do justice"); and *Conley v. Gibson*, 355

16 U.S. 41, 47–48, 78 S.Ct. 99, 103 (1957).

17        Whether the parties were engaged in settlement negotiations and whether the defendant

18 consented to a settlement "cap" are factual issues to be resolved during discovery.  These arguments do

19 not raise "sufficiency of the allegations" issues.  The allegations of the complaint allege the elements

20 of a contract.

21        In their reply brief, defendants argue that plaintiffs' opposition was untimely and addressed only

22 the arguments in the motion for more definite statement.  Court, however, elects to consider the merits

23 of the opposition. *Gilligan v. Jamco Develop. Corp.*, 108 F3d 246, 249 (9th Cir. 1997) (a motion to

24 dismiss for failure to state a claim is a disfavored motion.)

25 /////

26 /////

27

28      [1] While the third cause of action also alleges "fraudulent inducement," defendants do not argue the insufficiency of these allegations.  The Court addresses only the arguments presented in the moving papers.

1

<u>**CONCLUSION**</u>

2          For the foregoing reasons, the motion to dismiss, or in the alternative, motion for more definite

3   statement by defendants National Railroad Passenger Corp., Lori Ann Vendetti, Investigative

4   Consultants International, Inc., Brandon I. August and Craig R. Reisterer is DENIED.

5   IT IS SO ORDERED.

6   **Dated:    January 29, 2009**                              **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6